An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ELIZABETH GOFF GONZALEZ,
DISTRICT JUDGE,
Respondents,
    and
CARMEN KIMBERLY GUSTIN,
Real Party in Interest.

No. 62971

FILED

APR 2 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION

This original petition for a writ of mandamus challenges a district court order denying the State's pretrial motion to admit evidence of other crimes, wrongs, and acts. A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, NRS 34.160, or to control a manifest abuse or arbitrary capricious exercise of discretion, *see Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). The writ will not issue, however, if a petitioner has a plain, speedy, and adequate remedy in the ordinary course of the law. NRS 34.170. Here, the State does not have an adequate remedy in the ordinary course of the law, as it may not appeal the district court's decision. Therefore, seeking extraordinary relief is an appropriate avenue of redress. We conclude, however, that relief is not warranted.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-12204

The real party in interest, Carmen Gustin, is awaiting trial on charges of child abuse and neglect with substantial bodily harm, child abuse and neglect, and destroying evidence. The allegations stem from Gustin's 10-year-old son, Cole, accessing Gustin's revolver and shooting himself in the forehead in the presence of Gustin's 3-year-old son. In a pretrial motion to admit a prior bad act, the State sought admission of evidence related to an incident in 2005, where Gustin's then 10-year-old son, Cheney Gustin, fired a gun, the bullet travelling through the walls of the apartment next door. After a hearing, the district court denied the motion "[b]ecause of the differences in the nature of the storage of the guns in the two different incidents," concluding that the prior bad act was more prejudicial than probative. The district court is afforded broad discretion in evidentiary matters, see Somee v. State, 124 Nev. 434, 446, 187 P.3d 152, 160 (2008); Ledbetter v. State, 122 Nev. 252, 259, 129 P.3d 671, 676 (2006), and, in particular, we have expressed our disfavor of prior bad act evidence given the frequent irrelevant and prejudicial nature of it, see Rhymes v. State, 121 Nev. 17, 21, 107 P.3d 1278, 1280 (2005). Nothing in the record before us suggests that the district court's ruling was a manifest abuse of discretion or an arbitrary or capricious act. See State v. Eighth Judicial Dist. Court (Armstrong), 127 Nev. ___, ___, 267 P.3d 777, 780 (2011) (defining manifest abuse of discretion as a clearly erroneous interpretation or application of the law and arbitrary or capricious exercise of discretion as "one founded on prejudice or preference rather than on reason" or "contrary to the evidence or established rules of law" (internal quotations and citations omitted)). Rather, the district court made a thoughtful decision that is supported by law. We also note that the district court advised the State that if the evidence developed at trial

more closely resembled the facts of the prior bad act, the State could again seek admission of the evidence.

Considering the district court's reasoned decision and the State's opportunity at trial to again seek admission of the evidence, we cannot say that the district court manifestly abused its discretion or exercised its discretion in an arbitrary or capricious manner in denying the State's motion. Therefore, we

ORDER the petition DENIED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Attorney General/Carson City
Clark County District Attorney
Leo P. Flangas
Eighth District Court Clerk